Good morning. Ken Wine on behalf of Mr. De Morais. May it please the court. This is a relatively narrow appeal on a restitution at a sentencing during which there was a plea agreement. And in the plea agreement, the parties agreed that the restitution was to be determined. At that point, Mr. De Morais also waived his appellate rights. And the question is, can you waive a right that you don't know what you're waiving? And the U.S., excuse me, this court clearly answered that in Totsi, U.S. v. Totsi, saying that if the plea agreement says that restitution is to be determined, because that's up in the air and because it raises due process concerns and notice concerns as to what exactly amount of restitution will be asked for. Although in this case, in Totsi it was a violent crime case, I believe, and in this case it was a fraud case involving money. You can't say your client didn't have any idea or notice that he was going to have to pay some money. Restitution. That's correct. There is some amount, but what amount? The amount that he's pled to in the plea agreement? Or in terms of restitution, what often happens is the government goes out after the plea or sometimes during the process of organizing the pre-sentence report, this is well after the plea, and presents all the evidence of all the losses. You may not have seen all that or the victims may not have responded. There's no requirement that the victims tell the government before a plea. If this is the standard procedure for a pre-sentence report, did you represent the defendant below? I did not, Your Honor. Well, whoever did had an opportunity, I presume, to look at the PSR before it was writ large? That's true, Your Honor, but this is well after the plea and well after the waiver. And had an opportunity to bring to the court's attention factual errors in the PSR, correct? That's correct. And did that person do that? Yes, he did, to the extent that there were factual errors that he could identify. The objections that were made to the restitution were not necessarily based on the calculations the bank had. Here's the point I'm getting at. Wasn't the restitution order based on uncontested facts in the PSR? The restitution order was not based on uncontested facts because the defendant objected very clearly in his brief that the restitution should not be ordered and that it was too complex. That was the first ground under 18 U.S.C. 3633A. And the second ground was that there was a problem in giving restitution to what may be a co-conspirator. That is, here are these banks. The government, on the one hand, has sued these banks, saying they knew these were bogus loans. They packaged them up and sold them as investments. Stay in front of the microphone if you don't mind. What was the timing of those objections? When did the counsel make those objections? At sentencing, Your Honor. Okay. So that's after reviewing the pre-sentence report? Yes. Okay. And then the court ruled on them? Correct. Okay. And so how exactly? Once it's in dispute. That is, once an objection is made as to the amount of restitution or the amount of restitution is in dispute or whether restitution is appropriate at all is in dispute. At that point, the court is obligated to make a record. Did you ever dispute that Bank of America lost $161,000? I know that there's an argument out there that Bank of America was also involved or something like that. But that amount, was that ever challenged? It was to the extent that determining that amount, that is, what the bank asked for, was too complex given that it was a second or third purchaser of these loans. But it was complex, and it was tied to the fact that, at least it was my understanding in my review, that Bank of America was somehow responsible. You made that argument. But the $161,000 amount, did you ever say or did your counsel before you say, that's a wrong amount of the loss? Except to the extent that he made the objection that it was too complex, no. Okay. It never challenged that that loss amount was too great, correct? It was unsubstantiated. Unsubstantiated in the sense that it's too complex to actually verify. But that's determining, you know, that amount. But $161,000 was the amount submitted in the pre-sentence report, and the pre-sentence report gave the reasons for the $161,000. Is that correct? That's correct. Okay. And then the district court accepted that amount? The district court accepted that amount. All right. But what the district court didn't do was make a factual finding on the objections or do anything except ask the government attorney, after the objections are made, at that point there has to be some fact finding. There has to be some record that this court can review. We don't have anything before us. We don't have the $161,000, the document showing the $161,000. We have the U.S. attorney essentially vouching for an FBI agent and a bank victim. So the answer to my earlier question is not no, it's yes. Can I ask you to repeat your earlier question? The question was, wasn't the restitution amount based on facts in the PSR that were uncontested? Your Honor, yes, they were uncontested to the extent that there was no. Is this one of those things where you say it's true but it's not accurate? Yes. Exactly. Precisely. What the objection was made was, I guess it depends at the time the objection is made, but the objection that was made here is that the complex issues of fact, along with the Lazarenko issue, should have required the next step, which is that the court makes a record. We don't have a record. If there's no record for this court to review, how do we know that this restitution was accurate? And how do we know that Lazarenko shouldn't apply? The court didn't allow and denied any discovery on the conspiracy issue, that is whether Bank of America were co-conspirators and actually deserved to get restitution in this case. Where precisely in the record, because I'm not recalling, I guess, the same thing you're citing to, did your counsel, the counsel below, object or point to any portion of the record, I guess, point to any portion of the record where the defense counsel objected to the sufficiency of the evidence supporting the conclusion that Bank of America lost $161,000 plus. I would say, Your Honor, there is no specific objection, and both of you are correct in that, to the $161,000, except that it's too complex. And at that point, then the court is obligated to make a factual finding, have the record presented to it, and see for itself whether what the government's saying is true. Do you want to reserve the balance of your time? I would, if I may. Okay. Thank you. Good morning, and may it please the court. I'm Jenny Ellickson, and I represent the United States. This court should dismiss this appeal because the defendant knowingly and voluntarily waived his right to appeal restitution. Furthermore, even if this court does not dismiss, it should affirm the restitution order for two reasons. First. Are any of these reasons reasons that were not discussed in the previous exchange? No, Your Honor. I think the reasons were effectively covered by the previous exchange. I would like to begin. I can quickly summarize them if Your Honor would like. It's your time. You can use it exactly as you wish. Well, I would like to begin by discussing the appeal waiver issue. In this case, the defendant agreed to an appeal waiver that clearly encompasses restitution. Furthermore, enforcing the appeal waiver in this case would be consistent with this court's decision, United States v. Sosi, for two reasons. First, unlike the defendant in Sosi, the defendant in this case expressly agreed that he would pay restitution and that he would pay it in an amount to be determined by the district court. In other words, the defendant agreed that he would accept the district court's future determination of restitution and that he was giving up his right to appeal that amount. Whatever it was. Whatever it was. So if the court had said, I think the restitution in this case is $1 billion. Well, the court, of course... No appeal. The court would, of course, be required to make a legal restitution order. But the defendant actually did have notice of what the court was going to base its restitution order on. In his plea agreement, he pleaded guilty to an economic crime. To a crime against property. And the plea agreement described the facts that gave rise to his offense. In particular, it identified the two fraudulent loan transactions that gave rise to his criminal liability. And so the defendant would know that the district court was going to calculate his restitution based on the losses that resulted from those fraudulent transactions. That's exactly what the district court did here. Most, or many, plea agreements with regard to sentencing will provide a range. That I agreed to plead guilty to this offense provided the district court sentences with me within the minimum and maximum of the advisory guidelines. Or something like that. You're saying this was not that kind of arrangement. This was an arrangement which flatly said the district court in the future is going to calculate restitution. And whatever the district court does, you cannot appeal. He agreed that he would accept the district court's restitution order. Now, again, if that restitution order were illegal in some way, he may still have had a right to appeal it. But that's not what happened here. Did the plea agreement provide that? That if the restitution order was illegal or excessive? The plea agreement didn't contain any provisions like that. But I believe this court's precedent could give him the ability to potentially appeal that kind of... Then he could have appealed, in your view. If it were an illegal restitution order that the court didn't have the authority to issue, that's correct. But that's not what happened here. And this court's decision in Sosi doesn't preclude a defendant from giving up whatever right he may have to a specific estimate of restitution in exchange for the benefits he gets from the plea agreement. That's what the defendant did here. Can you move on to the merits? Yes. I'll briefly discuss the merits. So there are two reasons why this court should affirm the restitution order in this case. First, the district court properly rejected the defendant's unsupported claim that Bank of America was complicit in his fraud and therefore not entitled to restitution. And second, the defendant has not shown that the district court erred, much less that it committed plain error when it ordered restitution in the amount of Bank of America's undisputed loss without first requiring additional evidence and without explaining its decision in more detail. The first claim is what we used to call the Sodi defense. Some other dude did it. Yes, Your Honor. And what's the second one? The second one is the defendant's claim, which he's making for the first time on appeal, that the district court lacked a sufficient factual basis and didn't create a proper record for the restitution amount. And there's just no merit to that argument because the district court was entitled to rely on the undisputed loss amount in the pre-sentence report, and that's what it did. Do you know how the author of the PSR came to the number? In the pre-sentence report, the probation officer says that he consulted with the FBI case agent and consulted investigative reports. It doesn't get into more detail than that, but he did conduct a factual investigation. It was more than just calling up the bank and saying, how much did you lose in this case? He spoke to the FBI. And your counsel's challenging that, though. He's saying it is disputed. Your opposing counsel is saying it was disputed because there was some reference to it being complex and Bank of America was involved. Yes, Your Honor. The first time complexity was actually raised in the sentencing process was by the government in its own sentencing memo, and that was in connection with the other loans that were described in the plea agreement for which the court did not end up ordering restitution. The government explained that because it had not identified one of those lenders, that the court might find that determining restitution for that set of loans would be potentially too complex. The defendant reiterated that argument in his sentencing memorandum but didn't make any other arguments about complexity except to the extent that he argued that Bank of America was complicit in his fraud. And again, at the sentencing hearing, when the defendant mentioned the complexity of restitution, he did so in the context of his argument, again, about Bank of America's complicity. So unless this court has additional questions, I would ask that this court dismisses the appeal on the grounds of the appeal waiver or in the alternative that it affirms the restitution order. Thank you very much. Judge Fletcher, did you have any questions? No. Okay. Thank you. Counsel, what's your name again? I'm sorry. Ryan, W-I-N-E. Is there a reason you sat back there and not at counsel table? No, Your Honor. I'm sorry. I'd be happy to sit at counsel table. Okay. I'm just curious. Why don't you make that a practice now? I will. Okay. I don't come here very often. Okay. Thank you. I would say that there is a statute on point. There's case law on point that says essentially, and here's from the statute, any dispute as to the proper amount or type of restitution shall be resolved by preponderance of evidence. The burden is on the government in this case. There has to be a fact finding. There has to be some discussion by the district court as to why it came to its decision and that in this case, there's no record made. There's no fact finding. The judge simply says, I'll rely on what the government says and order this amount. He doesn't get to the dispute, which is the Bank of America shouldn't be given restitution as a Lazarenko co-conspirator. He doesn't get to the dispute that it's complex in terms of the flowing of the money and how Bank of America actually accounted for the loss or anything like that. So there is a dispute. I think the government keeps saying we didn't dispute the loss amount. We disputed restitution. We didn't dispute the amount of restitution. It's no difference to me. If we did dispute restitution was appropriate, at that point, there is some burden on the district court to make factual findings, have a record that the court can review up here. I guess one of the teaching points here for defense counsel is to put something in the plea agreement. Otherwise, your client is saying as long as the restitution order is somehow tied or tethered to the facts in this case, whatever it is, it is. Your Honor, trial lawyers often, and I am a trial lawyer by practice, and we often get the news a little late. So Totsi came down the pike about six or seven months before this plea agreement. I'm not sure that the ---- You didn't need Totsi or your colleague, whoever represented your client below, didn't need Totsi to say you want me to agree to a restitution order, whatever it is, I won't do that. Well, that's typically what the plea agreements were until the clarity of Totsi. And now plea agreements often say within ranges or here's a top end or here's a bottom end. Okay. Fair enough. Judge Fletcher, do you have any questions for counsel? No. Thank you. All right. Thank you very much. Thank you very much. The case is now submitted. I appreciate your presentations here today.
judges: Fletcher, Hawkins, Murguia